FILED
10/14/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
MEN

AO 91 (Rev. 11/11) Criminal Complaint AUSA Kevin Glomski (312) 438-6277

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROHIT CHEJARLA | CASE NUMBER: 26 CR 530 |

**CRIMINAL COMPLAINT**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about October 12, 2026, at O'Hare International Airport, in the Northern District of Illinois, Eastern Division, the United Arab Emirates, and elsewhere the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United States Code, Section 2260(b) | knowingly possessed with intent to transport any visual depiction of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, intending that the visual depiction would be imported into the United States or into waters within a distance of 12 miles of the coast of the United States |

This criminal complaint is based upon these facts:

_X_ Continued on the attached sheet.

Tyler Eding

TYLER EDING
Special Agent, Homeland Security Investigations (HSI)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: October 14, 2026

*Judge's signature*

City and state: Chicago, Illinois

KERI L. HOLLEB HOTALING,
U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**AFFIDAVIT**

I, TYLER EDING, being duly sworn, state as follows:

1. I am a Special Agent with the Department of Homeland Security's Homeland Security Investigations ("HSI") and have been so employed for approximately two years. My current responsibilities include the investigation of child exploitation and child pornography.

2. This affidavit is submitted in support of a criminal complaint alleging that Rohit Chejarla ("CHEJARLA") knowingly received, transported, shipped, distributed, sold, and possessed with intent to transport, ship, sell, and distribute any visual depiction of a minor engaging in sexually explicit conduct, intending that the visual depiction would be imported into the United States and into waters within 12 miles of the coast of the United States in violation of Title 18, United States Code, Section 2260(b).

3. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging CHEJARLA, while outside the United States, with a violation of Title 18, United States Code, Section 2260(b), I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

4. This affidavit is based on my personal knowledge, information provided to me by other law enforcement agents and from persons with knowledge regarding relevant facts, including CHEJARLA.

## I. FACTS SUPPORTING PROBABLE CAUSE

5. As detailed below, on October 12, 2026, CHEJARLA presented himself to U.S. Customs and Border Protection ("CBP") for inspection at the Abu Dhabi Preclearance Terminal at Sheikh Zayed International Airport ("AUH") in Abu Dhabi, United Arab Emirates ("UAE") in preparation for a flight to the United States. During the inspection, CBP conducted a border search, and manually reviewed CHEJARLA's mobile phone (the "Subject Phone").[1] Officers reviewed the Subject Phone and identified multiple media files that constitute child pornography. On October 13, 2026, CHEJARLA arrived at O'Hare International Airport ("ORD") in Chicago, Illinois from AUH. CBP and Homeland Security Investigations ("HSI") O'Hare encountered CHEJARLA, took custody of the Subject Phone, and confirmed the presence of child pornography in the Subject Phone's "Photos" application, which had been imported into the United States.

### A. CBP Border Search Authority

6. I know that, pursuant to Title 19, United States Code, Section 1401(i), CBP Officers and HSI Special Agents are "Customs Officers." As Customs Officers, they have the authority to conduct border searches at the border pursuant to,

[1] According to a CBP official, CHEJARLA possessed an iPhone 16 Pro Max, which bears an International Mobile Equipment Identity (IMEI) of 357003190274905 and serial number LGKY7P9J5P.

among other provisions, Title 19, Code of Federal Regulation, Section 162.6, and Title 19, United States Code, Sections 1401, 1461, 1582 and 1589a.

7. I know from my training and experience that the border may include the actual border, the functional equivalent of the border, or the extended border. A functional equivalent of the border includes the ORD customs inspection area in O'Hare's International terminal. I also know that a functional equivalent of the border, pursuant to Title 19, Code of Federal Regulation, Section 162.8, includes Preclearance locations located in foreign countries. The AUH airport includes a Preclearance location.

8. The authority to conduct border searches extends to people and merchandise entering and exiting the United States. All travelers crossing the United States border are subject to routine inspection by CBP, including their mobile phones and baggage, consistent with the border search exception doctrine.

**B. Border Search of CHEJARLA's Cell Phone**

9. According to CBP flight manifest data, on or about October 12, 2026, CHEJARLA presented himself for inspection at the Abu Dhabi Preclearance Terminal at AUH in Abu Dhabi, UAE in preparation for a flight on Etihad Airways to the United States. According to CBP flight manifest data, CHEJARLA departed from the United States on or about November 21, 2025, and did not re-enter the United States between his departure and his arrival at ORD on October 13, 2026.

10. According to CBP officers, CHEJARLA presented himself for his flight to the United States through the Preclearance Terminal at AUH, after clearing

traditional security and entering the secured area of AUH in which flights depart. CHEJARLA was accompanied by his parents, who, according to flight manifest data, were on the same flight itinerary from India to the United States via UAE. Once in the Preclearance Terminal at AUH, CHEJARLA was selected for inspection. According to CBP officers, CHEJARLA was in possession of a cell phone, tablet, and laptop and volunteered passwords for all devices. CBP officers conducted a manual (*i.e.*, routine) search of the Subject Phone, which revealed multiple videos that appeared to depict child pornography.

11. According to CBP officers, CBP detained the cell phone and placed it in one of the family's suitcases. At this point, the suitcase was not accessible to CHEJARLA or his family. CHEJARLA and his family boarded their flight from AUH with a destination of ORD.

12. On or about October 13, 2026, CHEJARLA arrived at ORD, which is located in the Northern District of Illinois, Eastern Division. The Northern District of Illinois, Eastern Division, is the first district in which CHEJARLA arrived in the United States.

13. According to CBP officers and HSI Special Agents, CBP officers and HSI Special Agents encountered CHEJARLA on the jet bridge as he was deplaning. CBP and HSI also located the family's luggage and recovered the cell phone, which was brought to the secondary customs inspection area.

14. CHEJARLA, upon seeing the devices and without prompting, verbally claimed ownership of the Subject Phone.

15. At the ORD secondary customs inspection, CBP officers and HSI Special Agents initiated an extended border search pursuant to their authority under Title 19 of the United States Code, including Sections 1401(i), 1461 and 1582, and Title 19, C.F.R., Section 162.6. According to the inspecting officers, the name listed in the Subject Phone's "Settings" application is "rohit." Review of the Subject Phone's "Photos" application further reveals several photos that depict CHEJARLA.

16. According to HSI Special Agents, including the Affiant, HSI Special Agents conducted a manual (*i.e.*, routine) search of the Subject Phone. During the search, Special Agents observed multiple videos of prepubescent children that, in my training and experience, constitute child pornography as defined in Title 18, United States Code, Section 2256(8)(A). Specifically, according to HSI Special Agents, including the Affiant, Special Agents examined the "Photos" application in the Subject Phone. The Special Agents observed, among others, the following files:

a. A file dated July 16, 2026 at 4:45 am and with file name "ScreenRecording_07-16-2026 04-45-41_1," an approximately 32-second-long video that appears to depict a minor female and an unknown age, but likely minor male.

experience, the physical appearance of the minor female in the above-described file indicates that she was a prepubescent minor, approximately 7 years old.

b. A file dated July 16, 2026 at 4:41 am with file name "ScreenRecording_07-16-2026 04-41-40_1," an approximately 37-second-long video that appears to depict a minor female, an adult female, and an adult male. The adult male appears to be lying down on his back while nude. The adult female places her mouth on the adult male's penis and moves her head up and down. The adult female removes her mouth from the male's penis, and the minor female places the male's penis in her mouth and moves her head up and down with the male's penis in her mouth. The words "High-definition previe", and "0-18", appear near the top of the video. At approximately 00:21, for about 2 seconds, the video briefly cuts to a different scene depicting other sexually explicit behavior before cutting back to the same individuals depicted in the first scene. Based on my training and experience, the physical appearance of the minor female in the above-described file indicates that she was a prepubescent minor, approximately 10 years old.

c. A file dated June 6, 2026 at 1:13 am with file name "ScreenRecording_06-06-2026 01-13-09_1," an approximately 31-second-long video that appears to be a screen recording. The video briefly depicts what appears to be a nude minor female wither her legs spread and genitals visible before the video shifts to an unknown age female and a pre-pubescent male. The female appears to be nude from the waist up and the pre-pubescent male appears to be fully nude. The female repeatedly places the pre-pubescent male's penis inside of her mouth, while

she shifts her mouth back and forth on the pre-pubescent male's penis. The female also places her tongue on the base of the male's scrotum. Based on my training and experience, the physical appearance of the minor male in the above-described file indicates that he was a prepubescent minor, approximately 8 years old.

d. A file dated June 6, 2026 at 1:10 am with file name "ScreenRecording_06-06-2026 01-10-45_1," an approximately 51-second-long video that appears to depict an unknown age female and a pre-pubescent male. The pre-pubescent male has his pants pulled down partially with his genitals exposed. The female places her mouth on the male's penis and moves her head and mouth up and down along the penis several times. At the beginning of the video, the word "#teenage…" appears at the bottom of the screen. Based on my training and experience, the physical appearance of the minor male in the above-described file indicates that he was a prepubescent minor, approximately 6 years old.

17. According to HSI Special Agents, based on the basic border search of the Subject Phone, which identified child pornography, HSI is completing an advanced search based on a reasonable suspicion that the Subject Phone contains a violation of law, namely possession of child pornography with the intent to import the child pornography into the United States.

## II. CONCLUSION

18. Based on the above information, there is probable cause to believe that CHEJARLA, while outside the United States, knowingly received, transported, shipped, distributed, sold, and possessed with intent to transport, ship, sell, and distribute any visual depiction of a minor engaging in sexually explicit conduct, namely those contained on an Apple iPhone 16 Pro Max cell phone bearing IMEI 357003190274905 and serial number LGKY7P9J5P, intending that the visual depiction would be imported into the United States and into waters within 12 miles of the coast of the United States in violation of Title 18, United States Code, Section 2260(b).

FURTHER AFFIANT SAYETH NOT.

Tyler Eding

TYLER EDING
Special Agent
Homeland Security Investigations

SWORN TO AND AFFIRMED by telephone October 14, 2026.

Honorable KERI L. HOLLEB HOTALING
United States Magistrate Judge